# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:21-cv-00142-RJC-DSC

| | |
|---|---|
| ERIC DARDEN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>VOLKSWAGEN CREDIT, INC., et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint. [Doc. 6].

## I.  BACKGROUND

Pro se Plaintiff Eric Darden ("Plaintiff"), a North Carolina resident,[1] originally filed this action on April 2, 2021, together with a "short form" motion to proceed in forma pauperis (IFP). [Docs. 1, 2]. Plaintiff named International Workplace Group, apparently Plaintiff's former employer; and Kristi E. Branson-Bonner, Kristy Taft, and Keishla Shanique Sheffield, apparently Plaintiff's former co-workers, as Defendants. [Doc. 1 at 2]. The Court ordered Plaintiff to either pay the filing fee or file an amended "long form" IFP motion before conducting initial review on Plaintiff's Complaint. [Doc. 3]. Plaintiff filed an amended IFP motion as ordered, which the Court granted. [Docs. 4, 5]. In his Complaint, Plaintiff purported to state claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., against Defendants, among other wholly

---

[1] Plaintiff alleges that he resides in "Charlotte Territory" in Mecklenburg County of the "North Carolina Republic." [Doc. 1 at 1].

unfounded claims. [See Doc. 1]. On review of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2), the Court found that Plaintiff had failed to state a claim for relief and allowed Plaintiff 30 days to amend his complaint to state a claim in accordance with the Court's Order. [Doc. 5]. The Court specifically advised Plaintiff that his ADA claim may proceed, if at all, against International Workplace Group only, and that it seems "unlikely, based on Plaintiff's minimal allegations, that Plaintiff's former employer or coworkers violated his rights under the FDCPA." [Id. at 4-5].

Now, Plaintiff has filed an Amended Complaint in which he names entirely new Defendants and omits the previous Defendants. In his Amended Complaint, Plaintiff sues Volkswagen Credit, Inc.; McGuire Woods, LLP; NAR, Inc.; and Carolina Volkswagen. [Doc. 6 at 2]. Plaintiff alleges only the following:

> Plaintiff provided defendant with at least three certified affidavits of truth without compliance. Plaintiff has continuously been harassed by defendant without regards to addressing the aforementioned affidavits.

[Id. at 3]. He asks that the Court adjudge that "defendant violated the FDCPA." [Id.]. For relief, Plaintiff seeks "$20,000,000.00 or one percent of net worth per 15 USC 1692," and "actual damages, pursuant to 15 U.S.C. 1692k." [Id.].

II.   **STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal

2

construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff's allegations are far too vague and insufficient to state a claim for relief. As Plaintiff was previously advised, the FDCPA "prohibits harassment or abuse, the use of false or misleading statements or unfair practices when collecting a debt." Gavin v. Enterprise Recovery Systems, Inc., No. 7:16-344-TMC, 2017 WL 24254, at *3 (D.S.C. Jan. 3, 2017) (citing 15 U.S.C. §§ 1692d, 1692e and 1692f). To state a claim for a violation of the FDCPA, a plaintiff must allege that (1) he was the object of collection activity arising from consumer debt, (2) the defendant is a debt collector within the meaning of the statute, and (3) the defendant engaged in a prohibited act or omission under the FDCPA. See id. (citation omitted). A consumer debt means "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §§ 1692a(3), (5).

Plaintiff alleges nothing in support of any of these elements or otherwise regarding the circumstances of the alleged FDCPA violation. Moreover, Plaintiff references only one defendant in his claim and, therefore, makes no allegations against three of the four named Defendants. The Court cannot recognize a claim for Plaintiff where none exists.

Because Plaintiff remains unable to state a claim for relief after having been afforded the opportunity to amend his complaint, the Court will dismiss Plaintiff's Amended Complaint with prejudice. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint with prejudice

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Amended Complaint [Doc. 6] is **DISMISSED with prejudice**.

2. The Clerk is instructed to terminate these proceedings.

Signed: June 9, 2021

Robert J. Conrad, Jr.
United States District Judge